IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWAIN BLACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3146 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Antwain Black's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). For the reasons set forth below, Black's claim for habeas relief on the basis that the 180-month sentence imposed violated his Plea Agreement is denied. Black's claim for habeas relief on the basis that his trial counsel failed to comply with his instruction to file a Notice of Appeal, however, is to be set for an evidentiary hearing after Petitioner advises the Court as to whether he intends to be represented by private counsel at the hearing or whether he seeks to have counsel appointed due to indigency. If he seeks appointed counsel, he must

1

file an affidavit.

Black was charged in a three-count Indictment with knowingly and intentionally distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). See Case No. 03-30032, Indictment (d/e 6). Black entered a guilty plea to Count 3 of the Indictment, pursuant to a written Plea Agreement and Stipulation of Facts on July 18, 2003. See Case No. 03-30032, Plea Agreement and Stipulation of Facts (d/e 10) (Plea Agreement). On March 11, 2005, the parties modified the Plea Agreement to redact those parts of the Agreement that concerned relevant conduct and the United States Sentencing Guideline enhancements but reaffirmed the balance of the Plea Agreement. See Case No. 03-30032, Plea Agreement; March 11, 2005 Minute Entry. Paragraph 3 of the Plea Agreement stated: "This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty." Plea Agreement, ¶ 3.[1] In the Plea Agreement, Black agreed to waive his right to appeal as long as the sentence did not

---

[1] The Court notes that Black incorrectly states that the Court accepted the Plea Agreement under Rule 11(c)(1)(C), which would have rendered the Plea Agreement binding on the Court.

2

exceed 120 months. Id. at ¶ 11. Black also waived his right to file a § 2255 petition. Id. at ¶ 12. The Government agreed to: (1) dismiss Counts 1 and 2 of the Indictment at the time of sentencing, (2) recommend a sentence no greater than the low end of the Sentencing Guideline range, and (3) to disclose to the Court the nature and extent of Black's cooperation. Id. at ¶¶ 18-20.

The sentencing hearing was held on March 29, 2005. At sentencing, the Court determined that Black's final offense level was 35 and that Black had 11 Criminal History points, placing him in Category V. The Court explained that an offense level of 35 and Criminal History Category V resulted in a sentence of 262-327 months imprisonment, which was in Zone D of the Guideline Range. The Court sentenced Black to 180 months imprisonment, which reflected a sentence approximately 31% below the low end of the Guideline Range based on Black's substantial assistance to the Government in several respects. Black was ordered to serve a period of six years of supervised release. The Court dismissed Counts 1 and 2 of the Indictment, pursuant to ¶ 18 of the Plea Agreement, on an oral motion by the Government. Appeal admonishments were given at the time of sentencing. Judgment was entered April 1, 2005.

By letter to the Court dated May 11, 2005, Black indicated that he wished to appeal his criminal sentence. Black contended that his trial counsel, Joseph S. Miller, had failed to discuss the possibility of appealing his criminal sentence. Black contended that he would like to appeal his sentence on the grounds that Miller rendered ineffective assistance of counsel. Specifically, Black stated in his letter:

> I am writting [sic] you in regards, to my appeal. It was my understanding, the day of my sentencing that I could have filed [a Notice of Appeal] that day, or I could have got back to you within 10 days. Well it took me this long to respond because I thought Mr. Miller, was goin [sic] to come and discuss the possibilities with me. But he never did, and I haven't been able to contact him since. I would like to appeal my case, on the grounds of the time I received and the inaffectiveness [sic] I received from Mr. Miller. But if this appeal is only goin [sic] to give me more time, then I would reframe [sic] from wanting to appeal.

Case No. 03-30032, Letter dated May 11, 2005 (d/e 30); see also Attachment to Petition. By Text Order dated May 17, 2005, the Court informed Black that his time to appeal his criminal sentence had expired. Further, the Court directed Black to notify the Court, on or before June 3, 2005, if he would like the Court to consider his May 11, 2005, letter, as a Petition for Habeas Corpus, pursuant to 28 U.S.C. § 2255. Case No. 03-30032, Text Order entered May 17, 2005. More than a year later, by letter

4

to the Court dated July 2, 2006, Black indicated that he wanted his May 11, 2005, letter to be considered a Motion to Vacate, Set Aside or Correct his sentence under 28 U.S.C. § 2255, and asked the Court to accept the July 2, 2006, letter as a Petition for Habeas Corpus. Along with the July 2, 2006, letter, Black submitted his Memorandum of Law In Support of Petition Pursuant to 28 U.S.C. § 2255 dated July 9, 2006. The instant case was opened for Black on July 13, 2006. On January 30, 2007, the Court directed Black to submit a sworn affidavit, clarifying his position with respect to his claim that Miller failed to file a Notice of Appeal. <u>Text Order entered January 30, 2007</u>. Black did so on February 26, 2007.

## ANALYSIS

As an initial matter, the Court notes that Black requests that the applicable statute of limitations be equitably tolled in light of his extraordinary circumstances. The Government does not raise the statute of limitations as a defense or address the issue of equitable tolling. The Court therefore does not address this issue and proceeds to the merits.

Black's Petition raises two grounds for relief. Black asserts in his Petition that trial counsel was ineffective in failing to comply with his request to file a Notice of Appeal. Contrary to this assertion, the Court

notes that in his May 11, 2005, letter, Black did not state that he instructed Miller to file a Notice of Appeal. As quoted above, the May 11, 2005, letter simply stated that Miller failed to consult with him regarding the possibility of appeal. Because of the inconsistency in Black's claim with respect to the notice of appeal issue, the Court directed Black to submit a sworn affidavit, setting forth the details of his claim with respect to the notice of appeal issue and showing what facts supports his assertion. <u>Text Order entered January 30, 2007</u>. In accordance with the Court's instructions, Black submitted his Affidavit which provides in part as follows: "After sentencing my counsel was suppose to come to the Sangamon County Jail to discuss my appeal after I have [sic] told him, 'I wish to appeal.' However, my counsel never came to visit me, even after [I] attempted to reach him by letter or phone, allowing my time to file an [sic] direct appeal to run out, showing totally ineffective assistance of counsel which I have stated throughout my petition 28 U.S.C. § 2255." <u>Black's Affidavit (d/e 27)</u>. Based on Black's statement in his Affidavit, the Court construes Black's notice of appeal claim to be that Miller failed to comply with Black's instruction to file a Notice of Appeal, not that Miller failed to consult with Black regarding the

possibility of appealing his criminal sentence.[2]

In his Petition, Black also asserts that Miller was ineffective in failing to object at sentencing that the 180-month sentence was contrary to the Plea Agreement which, according to Black, provided that he would "Not" receive a sentence higher than 120 months on Count 3. <u>Petition</u>, p. 6. For the reasons set forth below, Black is entitled to an evidentiary hearing only on his notice of appeal claim. The Court denies Black's remaining claim.

Black requests an evidentiary hearing on his two claims. Under Seventh Circuit precedent, "[a] section 2255 petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that, if proven, would entitle him to relief." <u>Stoia v. United States</u>, 22 F.3d 766, 768 (7th Cir. 1994). However, before he is entitled to an evidentiary hearing, Black bears the burden of filing a detailed and specific affidavit which shows that he has actual proof of the allegations, rather than mere unsupported assertions. <u>Galbraith v. United States</u>, 313 F.3d 1001, 1009 (7th Cir. 2002).

The Court must first determine whether Black waived his right to file

---

[2]The Court notes that, in his Affidavit, Black raises other arguments as to why his trial counsel rendered ineffective assistance of counsel. The Court will not consider such arguments. The Court instructed Black to submit an affidavit limited to the details of his claim with respect to the notice of appeal issue. The Court did not authorize Black to raise other grounds as to why his trial counsel rendered ineffective assistance of counsel.

this collateral attack under § 2255. Paragraph 12 of the Plea Agreement provided in relevant part:

> The defendant and his attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of his counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from his attorney regarding this right. Regardless of any advice the defendant's attorney may have given him, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement, ¶ 12. The Seventh Circuit has explained that a plea agreement containing a clause that waives a petitioner's "right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000)(citing Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000)); Jones v. United States, 167 F.3d

1142 (7th Cir. 1999). In the instant case, there is no allegation that Miller was ineffective in negotiating the Plea Agreement. Therefore, Black's § 2255 waiver would be enforceable if the terms of the Plea Agreement were clear and unambiguous and the waiver was entered into knowingly and voluntarily. See United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002). The Court has reviewed the record and finds that the waivers were knowing and voluntary. Therefore, to the extent that Black argues that his trial counsel rendered ineffective assistance because he failed to object at sentencing that the imposed sentence was contrary to the Plea Agreement, the Court finds that that claim has been waived.

Even if that claim is not barred by the terms of the Plea Agreement, Black's argument lacks merit. Contrary to Black's assertion that the Plea Agreement limited his sentence to 120 months and was binding on the Court, the Plea Agreement only provided that Black reserved his right to appeal from any sentence over 120 months. Plea Agreement, ¶ 11. In addition, ¶ 26 of the Plea Agreement stated in relevant part:

> The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, considering the United States Sentencing Guidelines. The defendant agrees

> and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings, or because he receives a sentence higher than that recommended under the plea agreement.

Plea Agreement, ¶ 26. Black is not entitled to an evidentiary hearing on this claim. Black's claim for habeas relief on this basis is denied.

The § 2255 waiver, however, does not clearly address collateral attacks based on issues related to appeal. The waiver, therefore, does not address the question of whether Miller was ineffective in failing to comply with Black's instruction to file a Notice of Appeal. The Court will, therefore, address the notice of appeal claim on the merits. The Court notes that, after being sentenced to 180 months imprisonment, Black clearly had a right to appeal his sentence because, under the Plea Agreement, he had reserved his right to appeal if the sentence imposed exceeded 120 months.

To determine whether Miller was ineffective in failing to comply with Black's instruction to file a Notice of Appeal, the Court must begin its analysis with Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has expressly considered the application of Strickland in the context of counsel's failure to file a Notice of Appeal. See Roe v. Flores-Ortega, 528 U.S. 470 (2000). The Flores-Ortega Court noted that,

because the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," the threshold inquiry is whether the attorney ignored his/her client's wishes. Id. at 477. "[F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Id. "If the client instructed the lawyer to file a notice of appeal and the lawyer failed to do so, both prongs of the Strickland test are satisfied and the client is entitled to a fresh appeal." Quintero v. United States, 316 F.Supp.2d 711, 719 (N.D. Ind. 2004) (citing Flores-Ortega, 528 U.S. at 477). Specifically, the lawyer's failure to file the requested appeal is professionally unreasonable, and "the client's instruction to file the appeal objectively indicates an intent to appeal, which conclusively satisfies Strickland's prejudice prong." Id. (citing Flores-Ortega, 528 U.S. at 477, 485 (failure to file is professionally unreasonable), (instruction to appeal demonstrates prejudice component)).

Black and the Government rely on Flores-Ortega. In his Petition, Black asserts that he is entitled to habeas relief under the threshold inquiry of Flores-Ortega because Miller failed to comply with his specific instruction to file a Notice of Appeal. The Petition states that Black explicitly

requested that Miller initiate an appeal "because he [felt] that he had a meritorious issue", but Miller failed to act on Black's request. Petition, p. 6. Black similarly states in his Affidavit that he directed Miller to file a Notice of Appeal, but Miller failed to do so.

After having reviewed the evidence in the record, including Black's Affidavit, the Court finds that an evidentiary hearing on Black's notice of appeal claim is warranted in light of Black's sworn statement that he advised Miller to file a Notice of Appeal, and Miller failed to do so. The Court is persuaded that an evidentiary hearing is necessary to weigh the evidence in the record and to determine whether Black received ineffective assistance of counsel when his trial counsel allegedly failed to comply with his request to file a Notice of Appeal. Black's request for habeas relief on the basis that the 180-month sentence imposed violated the Plea Agreement is denied, however.

## CONCLUSION

THEREFORE, Petitioner Antwain Black is to advise the Court by April 30, 2007, whether he has retained counsel to represent him at a hearing on his notice of appeal claim or whether he is requesting the Court to appoint counsel. If Petitioner desires to have counsel appointed, he must

12

file a Financial Affidavit, establishing his indigent status. The Court, thus, directs the Clerk of the Court to send Petitioner a Financial Affidavit form. Once the issue of counsel has been resolved, the Court will schedule an evidentiary hearing on the issue of whether Petitioner Black received ineffective assistance of counsel in the underlying case (Case No. 03-30032) based on his trial counsel's alleged failure to comply with his instruction to file a Notice of Appeal.

IT IS THEREFORE SO ORDERED.

ENTER: March 9, 2007.

    FOR THE COURT:

   s/ Jeanne E. Scott  
JEANNE E. SCOTT  
UNITED STATES DISTRICT JUDGE
