IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTWAIN BLACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  06-3146 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on June 28, 2007, for an evidentiary hearing on Petitioner Antwain Black's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition). The Government appeared by Assistant United States Attorney David Risley. Petitioner Black was present in person and with counsel, Assistant Federal Public Defender Douglas Beevers.  Black was charged in a three-count Indictment with knowingly and intentionally distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1).  See Case No. 03-30032, Indictment (d/e 6).  On July 18, 2003, Black pled guilty to Count 3 of the Indictment, pursuant to a written Plea Agreement and Stipulation of Facts.

See Case No. 03-30032, Plea Agreement and Stipulation of Facts (d/e 10) (Plea Agreement).

On March 11, 2005, the parties modified the Plea Agreement to redact those parts of the Agreement that concerned relevant conduct and the United States Sentencing Guideline enhancements but reaffirmed the balance of the Plea Agreement. See Case No. 03-30032, Plea Agreement; March 11, 2005 Minute Entry. Under the final version of the Plea Agreement, Black waived his right to file a § 2255 petition. Plea Agreement, ¶ 12. However, he kept a right to appeal any sentence that exceeded 10 years. On March 29, 2005, this Court sentenced Black to 180 months imprisonment, which reflected a sentence approximately 31% below the low end of the Guideline Range based on Black's substantial assistance to the Government. This Court also dismissed Counts 1 and 2 of the Indictment, pursuant to ¶ 18 of the Plea Agreement, on an oral motion by the Government.

Black raised two claims in his § 2255 Petition as a basis to set aside his sentence: (1) trial counsel was deficient for failing to object at sentencing that the 180-month sentence imposed by this Court was contrary to the Plea Agreement; and (2) trial counsel was ineffective for failing to comply

with Black's instruction to file a Notice of Appeal. After analyzing the two grounds for relief in detail, this Court determined that Black was entitled to an evidentiary hearing only on the second claim. <u>Opinion entered March 13, 2007 (d/e 7)</u>, at 12. The Court denied relief on the first claim. Based on the evidence presented at the evidentiary hearing and the arguments of the parties, the Court found that Black was not prejudiced by any failing of his attorney to confer with him about his right to appeal, and Black never instructed Miller to file a notice of appeal. Black's request for habeas relief on his second claim was therefore denied.

Black and his trial counsel, Joseph Miller, testified at the evidentiary hearing. Black testified that on the date of his sentencing hearing he told Miller, after his sentence was imposed, that he wanted to appeal his sentence. Black testified that Miller told him that he would discuss the possibility of an appeal at a later time since Black had 10 days to file a Notice of Appeal. Black testified that Miller never discussed the appeal issue with him after the sentencing hearing and failed to return his repeated phone calls. On redirect examination, Black was asked whether he would have appealed even if Miller had told him that the appeal would have been frivolous and that there was a possibility that the appeal might result in a

more severe sentence, and Black responded that he would not have pursued an appeal under such circumstances.

Miller testified that Black never instructed him to file a Notice of Appeal either on the date of the sentencing hearing or thereafter. He testified that he believed that the appeal would have been frivolous because he knew of no good appellate issue and might have been detrimental to Black because the Government might cross-appeal and challenge the reasonableness of the sentence imposed by this Court since the Government had objected to the 30% reduction in Black's sentence at the sentencing hearing.

As an initial matter, the Court noted at the hearing that it continued to remain of the opinion that because the § 2255 waiver did not clearly address collateral attacks based on issues related to appeal (which issues arose after the waiver was given and which issues were not foreseeable at the time the waiver was given), a review of Black's notice of appeal claim on the merits was warranted.

As explained in this Court's March 13, 2007, Opinion, the Supreme Court has explained that an attorney who fails to comply with his client's specific instruction to file a notice of appeal renders ineffective assistance of

counsel.  Roe v. Flores-Ortega, 528 U.S. 470 (2000); see Quintero v. United States, 316 F.Supp.2d 711, 719 (N.D. Ind. 2004) (citing Flores-Ortega, 528 U.S. at 477 ).  As to the issue of whether Black instructed Miller to file a Notice of Appeal, the Court noted that Black and Miller's testimony conflicted.  After weighing the testimony of the witnesses presented at the evidentiary hearing and carefully considering all of the other evidence presented, the Court found Miller's testimony (that Black never instructed him to file a Notice of Appeal) to be more credible than Black's testimony (that he instructed Miller to file a Notice of Appeal on the date of the sentencing hearing).  The Court noted that Miller was an experienced criminal defense attorney and found that his testimony revealed that he would have filed a Notice of Appeal on behalf of Black had he been specifically instructed to do so, even if he believed the appeal to be frivolous. The Court noted that Miller's testimony revealed that had Black instructed Miller to file a Notice of Appeal, Miller would have done so because he knew that the proper way to handle such a situation was to file a Notice of Appeal on behalf of Black, along with an Anders brief.  See Anders v. California, 386 U.S. 738 (1967).

Based on this finding, the Court then turned to whether Miller had

5

failed to consult with Black about the merits of an appeal after the sentencing hearing. The Court found that the testimony of Black and Miller was consistent with respect to this issue. Black testified that Miller had failed to consult with him about the avenue of appeal after the sentencing hearing. Miller testified that he did not recall discussing the appeal issue with Black either on the date of or after the sentencing hearing. The Court therefore determined that Miller did not consult with Black about the possibility of an appeal after the sentencing hearing. Miller testified that he did not do so because he knew of no good appellate issue, and he was concerned that an appeal might be detrimental to Black. He felt there was some possibility the Court of Appeals would deem the Court's sentence unreasonably lenient if the Government filed a cross appeal.

As to counsel's failure to consult, the Flores-Ortega Court stated: "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, at 528 U.S. at 480. The Supreme Court further explained,

"to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

This Court determined that Black's § 2255 claim lacked merit because he had failed to demonstrate prejudice--that there was a reasonable probability that he would have filed a timely appeal but for Miller's failure to consult with him about the possibility of appealing his criminal sentence. The Court noted that Black's testimony at the habeas hearing was that he would not have appealed had Miller told him that the appeal would have been frivolous and that there was a possibility that it might result in a more severe sentence than the one that was imposed by this Court. Although Miller should have conferred with Black after sentencing concerning his right to appeal, there is no doubt that Miller would have advised him of his views concerning the likely outcome of an appeal if he had conferred. Under these circumstances, Black has suffered no prejudice because Black testified he would not have appealed in that event. The Court also noted that Black's letter to the Court dated May 11, 2005, further supported the Court's finding that Black would not have appealed had Miller expressed his

concern that the appeal might result in a more harsh sentence. Black specifically stated in the letter he did not wish to appeal if the appeal would result in "more time".[1] See Case No. 03-30032, Letter dated May 11, 2005 (d/e 30); see also Attachment to Petition. The Court thus determined that Black had failed to carry his burden in demonstrating prejudice from the failure of his trial counsel to consult with him.

THEREFORE, after considering the case file, the arguments of counsel, and the evidence presented in court, the Court DENIED Petitioner Antwain Black's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1). The Court advised Black of his appeal rights. At Black's request, the Court directed the Clerk to file a Notice of Appeal on behalf of Black. The Court found that Black remained indigent and, based on his indigency, found that he was entitled to appointed counsel and a free transcript.

IT IS THEREFORE SO ORDERED.

---

[1] The Court directed that the May 11, 2005, letter in Case No. 03-30032 be made a part of the record in this case.

ENTER:   July 3, 2007.

    FOR THE COURT:

                                                                                                  s/ Jeanne E. Scott  
                                                                                 JEANNE E. SCOTT  
                                                         UNITED STATES DISTRICT JUDGE